The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611
Dear Senator Bradford:
This is in response to your request for an opinion on the applicability of Act 4 of 1992 (2d Ex. Sess), which levies a tax on certain home health, personal care, and long-term care services, to Trinity Village Medical Center, a private, nonprofit long-term care facility in Pine Bluff, Arkansas. Specifically you have enclosed a letter from the Administrator of this facility which raises two specific legal issues in support of the exemption of this facility and other similar nonprofit long-term care facilities from the tax levied by Act 4.
It is my opinion that Trinity Village Medical Center, and other similar nonprofit long-term care facilities, are not exempt from the tax levied by Act 4 of 1992 (2d Ex. Sess.), as amended by Act 794 of 1993.
The act is codified at A.C.A. 26-52-1401 to -1406 (Cum. Supp. 1993). Section 26-52-1402(a)(2) currently imposes a two and eighth-tenths percent tax on the total gross receipts derived by long-term care facilities or nursing facilities, which are defined by the act as including those facilities licensed pursuant to A.C.A. 21-10-101 et seq. or 20-10-224, and A.C.A.20-10-1101 et seq., respectively. I assume that Trinity Village Medical Center holds a license under one of these statutory provisions.
The Administrator's first argument involves the fact that section 26-52-1404 (the codification of sections 3 and 4 of Act 4), refers in subsections (b),(c),(d), and (e) to "conducting business" or "transacting business" within this state. Specifically, the section provides that prior to the issuance of any license by a state board or regulatory agency to conduct business in the state, the facility must present evidence of a permit issued by the Director of DFA to collect the tax at issue. The section also makes it unlawful for anyone to "transact business" within this state if they are subject to the tax and do not have such a permit. The Administrator argues that because A.C.A. 26-52-103 (10)(A) (a part of the general definitions relating to gross receipts taxes), defines "doing business" or "engaging in business" as including "any and all local activity regularly and persistently pursued by any seller or vendor through agents, employees, or representatives with the object of gain, profit, or advantage . . . ," the tax could have no applicability to nonprofit entities, which do not operate with the object of "gain, profit, or advantage. . . ." Subsection (10)(B) applies a similar definition to "services as are made the subject matter of the tax imposed by this act" (meaning the "Arkansas Gross Receipts Act of 1941).
It is my opinion, however, that this definition is inapplicable to the tax at issue. This definition is applicable to the "Arkansas Gross Receipts Act of 1941" and not to Act 4 of 1992 (2d Ex. Sess.) See A.C.A. 26-52-101n. Additionally, in my opinion, the tangential references to "conducting business" and "transacting business" as occur in Act 4 do not operate to exempt licensed nonprofit nursing facilities which are otherwise expressly made subject to the tax.
In any event, it is my opinion that the Arkansas legislature has made clear that nonprofit entities are not exempt from the tax based solely on their nonprofit status. Act 794 of 1993 amended Act 4 of 1992 (2d Ex. Sess.), and section 4 thereof is now codified at A.C.A. 26-52-1406. It provides that:
 The provisions of this subchapter shall not apply to payments made to the Department of Human Services or a division thereof. No other exemptions, whether contained in this law, or any other law, shall apply. (Emphasis added.)
The legislature has thus clearly expressed its intent that no exemptions other than as listed will apply.
The Administrator's second argument is that federal law defines who is exempt from the tax, and federal law exempts "federal and public providers" in the State, and that Trinity Village Medical Center is a "public provider" due to its nonprofit status. It is incorporated as a nonprofit corporation, and thus as a "public benefit corporation" under A.C.A. 4-33-101 to -1707. It is my opinion, in response to this argument, that federal law does not define who is exempt from the tax levied at A.C.A. 26-52-1401 to -1406. The provisions of federal law to which the Administrator refers (42 U.S.C. § 1396a(t) and 42 U.S.C. § 1396b(w)(3)(B)(i)), require, in order to allow the recoupment or charging of such taxes through the Medicaid program, that the tax be "broad-based," which is defined as including at least all items or services in the class furnished by all non-federal, nonpublic providers in the State. Federal law would thus allow the exemption of long-term care facility public providers in the state and still allow the inclusion of the tax for federal Medicaid calculations. It does not, however, mandate their exemption, and in fact our state law does not exempt them. This office has previously concluded that the Arkansas Veterans Home is subject to the tax. See Op. Att'y Gen. 93-062 (copy enclosed.) Again, there are no exemptions made in the act except for payments made to DHS. A.C.A. 26-52-1406.
In any event, it is my opinion that private nonprofit facilities would not be considered "public providers" under federal law. This term, in my opinion, refers to facilities which are operated publicly, i.e., by public entities. Thus, the exemption of private nonprofit providers would render the tax non-broad-based, and would therefor render the tax monies ineligible for calculation through the Medicaid program under federal law.
It is therefore my opinion, for all the foregoing reasons, that the tax levied by A.C.A. 26-52-1401 to -1406 is applicable to Trinity Village Medical Center and other similar facilities.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure